## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**JONATHAN S. RESNICK; DIANE N. RESNICK;**        **Jury Trial Demanded**
**PERRY A. RESNICK, and THE LAW OFFICES**
**OF JONATHAN S. RESNICK, LLC;**

        Plaintiffs,

v.                                  Case No.

**KRUNCHCASH, LLC and JEFFREY HACKMAN;**

        Defendants.

_____/

## COMPLAINT

Plaintiffs, Jonathan S. Resnick, Diane Resnick, Perry A. Resnick, and The Law Offices of Jonathan S. Resnick, LLC (collectively, "Plaintiffs" or "the Resnicks") sue Defendants, KrunchCash, LLC ("KrunchCash") and Jeffrey Hackman ("Hackman") (collectively, the "Hackman Parties"), and state:

## I. INTRODUCTION

1.     This is an action for damages, declaratory judgment, and injunctive relief in response to Defendants' violation of Plaintiffs' procedural due process rights under the Fourteenth Amendment.

2.     Defendants, acting under color of state law, unconstitutionally deprived Plaintiffs of the use of their property by serving writs of garnishment on Plaintiffs' banking institutions and causing their bank accounts (and the funds in those accounts) to be frozen without prior notice or hearing.

3.      Defendants availed themselves of a Maryland procedural mechanism that permitted them to obtain seven confessed judgments against Plaintiffs and writs garnishment for the Resnicks' bank accounts before Plaintiffs had any meaningful opportunity to be heard on the merits (or lack thereof) of Defendants' claims against them.

4.      Making matters worse, the unconstitutional deprivation followed Defendants' blatant forum-shopping.  In July 2019, Defendants filed a case in Florida state court—where litigation between the parties was already pending—for breach of the very agreements under which Defendants obtained the confessed judgments in Maryland.  But Defendants nevertheless filed suit in Maryland in November against the same parties and raising the same claims as in their Florida action.  Defendants did this because they realized that confessed judgments are per se illegal in Florida (the law that governs most of the subject agreements) but permitted in Maryland.

5.      Putting aside the invalidity of the confessed judgments, Defendants' use of Maryland's garnishment procedure as set forth in Maryland Rules 2-645 and 2-645.1 to satisfy judgments obtained by confession under Maryland Rule 2-611 violates the due process clause of the Fourteenth Amendment.

6.      As of the filing of this Complaint, Plaintiffs have been deprived of the use of their bank accounts (and the funds in those accounts) for over one month and have yet to be heard on their defenses to the entry of the confessed judgments and writs of garnishment.

7.      In light of the unconstitutional deprivation, Defendants should be immediately enjoined from taking any further action to execute and/or satisfy the confessed judgments under Maryland Rules 2-645 and 2-645.1 and should be ordered to withdraw the writs of garnishment that have been served on Plaintiffs' banking institutions.

2

## II.  JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and the laws of the United States.  Plaintiffs' claims are brought under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of Plaintiffs' property without procedural due process in violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

9.      Venue properly lies in this judicial district under 28 U.S.C. § 1391 (b)(1) because all Defendants are Florida residents.

## III.  PARTIES

10.      Plaintiff Jonathan S. Resnick is an individual who resides in Boca Raton, Florida.

11.      Plaintiff Diane N. Resnick, the wife of Jonathan S. Resnick, is an individual who resides in Boca Raton, Florida.

12.      Plaintiff Perry A. Resnick, the son of Jonathan S. Resnick and Diane N. Resnick, is an individual who resides in Boca Raton, Florida. At certain relevant times, Perry A. Resnick did business in Maryland as The Law Office of Perry A. Resnick, LLC.

13.      Plaintiff The Law Offices of Jonathan S. Resnick, LLC, operated by Jonathan Resnick, has operated in Maryland and the District of Columbia (together with The Law Office of Perry A. Resnick, LLC, the "Resnick Firms").

14.      Defendant KrunchCash is a Florida limited liability company with its principal place of business in Boca Raton, Florida.

15.      Defendant Jeffrey Hackman, the owner and Chief Operating Officer of KrunchCash, is an individual residing in Boca Raton, Florida.  Defendant Hackman is the moving

force behind Defendant KrunchCash. Defendant Hackman is personally liable for having intentionally used KrunchCash to violate Plaintiffs' constitutional rights.

## IV. FACTS

**A.   The Initial Florida Litigation between the Resnicks and the Hackman Parties**

16.    The dispute between the Resnicks and the Hackman Parties arises from a deteriorated business relationship that ultimately led to both sides filing suit in Florida state court, where litigation is currently pending.

17.    Jonathan and Perry Resnick are solo legal practitioners that represent clients in personal injury cases, at times, through the Resnick Firms.

18.    KrunchCash purports to be a third-party litigation financier that provides cash advances to law firms and plaintiffs.

19.    The Resnicks entered into a series of litigation "funding" arrangements with the Hackman Parties under which KrunchCash provided cash advances (in reality, loans) to the Resnick Firms and the Resnicks would repay the advances with an additional "use fee" (in reality, outrageous and criminally usurious interest rates).[1]

---

[1] The Resnicks and the Hackman Parties entered into four funding agreements: (1) June 1, 2016 Law Firm Funding Agreement between KrunchCash and The Law Offices of Jonathan S. Resnick, LLC and The Law Office of Jonathan S. Resnick, PLLC;  (2) September 10, 2018 Law Firm Funding Agreement between KrunchCash and The Law Office of Perry A. Resnick, LLC; (3) March 26, 2018 Law Firm General Expense Funding Agreement between KrunchCash and The Law Offices of Jonathan S. Resnick, PLLC; and (4) May 11, 2018 Law Firm Medical Expense Funding Agreement between KrunchCash and The Law Offices of Jonathan S. Resnick, PLLC. KrunchCash claims to have entered into two additional agreements with Plaintiffs, the validity of which is disputed: (5) An April 15, 2019 Guaranty and Security Agreement between KrunchCash and Jonathan S. Resnick, The Law Offices of Jonathan S. Resnick, LLC and The Law Offices of Jonathan S. Resnick, PLLC; and (6) An April 15, 2019 Guaranty and Security Agreement between KrunchCash and The Law Office of Perry A. Resnick, LLC and Perry A. Resnick.

20.     Over time, Hackman assumed a greater role in the operation of the Resnick Firms and eventually wrangled full control over the Firms' computer system (including access to client records containing sensitive medical information and attorney-client communications), unbeknown to the Resnicks.  Once in control, Hackman began extorting the Resnicks and the Resnick Firms by blocking their access to certain emails, records, and the like while demanding alleged payments owed to KrunchCash under the funding agreements.

21.     Unable to represent their clients without access to their systems and records, the Resnick Firms filed a lawsuit in the Fifteenth Judicial Circuit in and for Palm Beach County for Injunctive Relief and Damages (the "Florida Litigation"). *See* Exhibit A.

22.     In the Florida Litigation, the Resnick Firms successfully obtained a temporary injunction that ordered KrunchCash to restore the Resnick Firms' access to their computer systems and client files. *See* Exhibit B.  The Florida Litigation remains pending.

23.     On July 22, 2019, two weeks after the court in the Florida Litigation issued its temporary injunction order, KrunchCash elected to litigate its dispute with the Plaintiffs in Florida by filing its own complaint against the Resnicks, also in Palm Beach County, for breach of the various funding agreements.  *See* Exhibit C.[2]

24.     Both sides filed their respective actions in Palm Beach because most of the funding agreements specifically required that "any suit or proceeding arising out of or relating in any way to this Agreement will be brought in Palm Beach County, Florida."

---

[2] To avoid filing an unnecessarily large exhibit, Plaintiffs have omitted the exhibits (amounting to over 100 pages) that were attached to KrunchCash's complaint in the Palm Beach County action. These exhibits are accessible on the public state court docket.

#72791061_v1

25.     Most of the funding agreements are also governed by Florida law.[3]

**B.     Defendants' Transparent Forum Shopping to Obtain Confessed Judgments in Maryland**

26.     Instead of litigating its dispute in the elected forum chosen by the parties, on November 26, 2019—four months after it filed its Florida complaint and during the pendency of both Florida actions—KrunchCash filed seven Complaints for Judgment by Confession in the Circuit Court for Baltimore County, Maryland against the Resnicks and related parties—*without notifying the Resnicks or informing the Florida Court*.[4]

27.     KrunchCash filed these Complaints pursuant to purported confessed judgment provisions in the very same funding agreements that were the subject of KrunchCash's Florida complaint, most of them governed by Florida law.

28.     Nevertheless, invoking Maryland Rule 2-611, KrunchCash reneged on its election to litigate this dispute in Florida and was able to obtain seven confessed judgments in Maryland and then, pursuant to Maryland Rules 2-645 and 2-645.1, obtained writs of garnishment against the Resnicks' financial institutions—all without notice to the Resnicks and without affording the Resnicks an opportunity to contest the entry of the confessed judgment in the first place.

---

[3] New York law applies to one of the funding agreements the Resnick Parties entered into and potentially applies to the two agreements that KrunchCash *claims* to have been entered in April 2019.

[4] The seven cases pending in Baltimore County are: C03CV19004422 (KrunchCash, LLC vs. Diane Resnick, et al.); C03CV19004423 (KrunchCash, LLC vs. American Wellness and Health Centers, Inc.); C03CV19004425 (KrunchCash, LLC vs. Perry A. Resnick); C03CV19004427 (KrunchCash, LLC vs. The Law Offices of Jonathan S. Resnick, LLC, et al.); C03CV19004428 (KrunchCash, LLC vs. Jonathan Resnick); C03CV19004429 (KrunchCash, LLC vs. The Law Office of Perry A. Resnick, LLC) and C03CV19004594 (KrunchCash, LLC vs. Jonathan Resnick, et al.).

29.     The Hackman Parties' use of the Maryland procedure is transparent forum shopping, given that confessed judgments are not permitted under Florida law.  *See* § 55.05 Fla. Stat. ("All powers of attorney for confessing or suffering judgment to pass by default or otherwise, and all general releases of error . . . before such action is brought, shall be absolutely null and void.").  Indeed, the Hackman Parties were litigating this dispute in Florida and only chose to renege on the elected forum after the courts in West Palm Beach enjoined KrunchCash.  Thus, even though the funding agreements may contain provisions purporting to permit the entry of a confessed judgment against Plaintiffs, those provisions are invalid in Florida and any confessed judgments obtained pursuant to those provisions are "absolutely null and void."[5]

30.     After KrunchCash obtained the confessed judgments and writs of garnishment in Maryland — and to justify its newly elected forum — it filed a notice voluntarily dismissing its Florida action, omitting any reference to the confessed judgments it had obtained in the Maryland actions involving the same parties, the same claims, and the same legal issues.  *See* Exhibit D**.**  The Florida Litigation against KrunchCash is still pending.

C.      **Confessed Judgment**

i.      Entry of Confessed Judgment

31.     Confessed judgments in Maryland circuit court are governed by Maryland Rule 2-611.

32.     A confessed judgment can be entered without notice to the defendant or an opportunity for the defendant to be heard.

---

[5] And, to the extent New York law may apply to any of these agreements, under the facts here Plaintiff would have likely been unsuccessful in entering confession of judgment against the Resnicks in New York.

33.     To obtain the confessed judgment, a plaintiff must merely comply with Maryland Rule 2-611(a), which requires the plaintiff to file a complaint accompanied by (1) a copy of the instrument authorizing the confessed judgment and (2) an affidavit that specifies the amount due and states the address of the defendant.

34.     Once a court determines that a plaintiff has complied with Maryland Rule 2-611(a) and that the pleading facially demonstrates entitlement to confessed judgment, then the "court shall direct the clerk to enter judgment." *See* Maryland Rule 2-611(b).

35.     However, confessed judgments are not favored because Maryland courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse. *Sager v. Housing Comm'n of Anne Arundel Cty*, 855 F. Supp. 2d 524, 554 (D. Md. 2012). Therefore, the Maryland Court of Appeals "has made clear that judgments by confession are to be 'freely stricken out on motion to let in defenses.'" *Id.* "The disfavored status of confessed judgments is also made plain by the many provisions of Maryland law, including the provisions relied upon by plaintiff, that prohibit the use of confessed judgment clauses in a wide variety of contractual contexts." *Id.*

ii.     Service of Confessed Judgment

36.     Under Maryland Rule 2-611(c), once the confessed judgment is entered, the clerk shall issue a notice informing the defendant of the entry of judgment.  Then, the plaintiff must serve "the notice and copies of the original pleadings" on the defendant in accordance with Maryland Rule 1-121 (or if the defendant's whereabouts cannot be determined, then notice to the defendant must be given in accordance with Rule 2-122).

37.     Although the Resnicks received a copy of the Notice of Entry of Judgment from the Clerk of Court on or about December 6, 2019, they were never served by Defendants with the

Notice or a copy of the Complaint for Judgment by Confession by KrunchCash. Indeed, the Resnicks first saw a copy of the Complaint when they accessed the Baltimore County docket online.[6]

         iii.    <u>Motion to Vacate Confessed Judgment</u>

38.    Ordinarily, after a defendant is properly served with process under Rule 2-611(c), a defendant has thirty-days to file a motion that asks the court to open, modify, or vacate the judgment. *See* Md. Rule 2-611(d) (citing to Md. Rule 2-321).

39.    If the defendant so moves, the circuit court must determine whether there is a "substantial and sufficient basis for an actual controversy as to the merits of the action." Md. Rule 2-611(e). In other words, the court must determine whether the defendant has a potentially meritorious defense to the confessed judgment complaint; the court does not, however, decide the merits of the controversy at this stage. *See Schlossberg v. Citizens Bank of Maryland*, 672 A.2d 625, 628 (Md. Ct. App. 1996).

40.    If the court finds that a basis for a defense exists, the rule requires the court to order that the confessed judgment be opened, modified, or vacated and permit the defendant to file a responsive pleading to the plaintiff's complaint. Md. Rule 2-611(e).

41.    Despite that the Resnicks were not properly served under Rule 2-611(c), the Resnicks filed a Motion to Vacate, or in the Alternative, Open or Modify, Confessed Judgment on

---

[6] KrunchCash's counsel sent copies of the *Order* Entering Judgment by Confession to the Resnicks via email on December 6, 2019. This purported "service" does not comply with Maryland Rules 2-611(c) because, among other things, it does not include a copy of the original pleadings (e.g, the Complaint). KrunchCash has argued that the Resnicks waived service of process in the funding agreements. While the funding agreements contain waiver of service provisions, the Resnicks maintain that these waivers are invalid because, among other things, the agreements themselves are null and void.

December 31, 2019—within 30 days of the court's Order Entering Judgment by Confession.[7] KrunchCash filed an opposition on January 15, 2020.

42.    These Motions are currently pending in Baltimore County.

    iv.    Delay of Certain Enforcement

43.    The Maryland Rules state that certain types of enforcement of the confessed judgment are stayed while the 30-day period to file a Motion to Vacate is running.  Specifically, Rule 2-611(f) reads:

> (f) Delay of Enforcement. Unless the court orders otherwise, property shall not be *sold* in execution of a judgment by confession and wages or other debt *shall not be remitted* by a garnishee to the judgment creditor until the expiration of the time for filing a motion [to vacate] under section (d) of this Rule and the disposition of any motion so filed.

Md. Rule 2-611(f) (emphasis added).

44.    Although the Maryland rule prohibits the sale of property and the remittance of property to a garnishee until the disposition of a motion to vacate, it does not prohibit garnishment and attachment while the motion to vacate is pending.

45.    Accordingly, creditors are permitted to turn to Maryland's state garnishment procedures to have property withheld from the judgment debtor even while a motion to vacate a confessed judgment is pending.

**D.    Writs of Garnishment**

    i.    Maryland's Garnishment Procedure

46.    Under Maryland Rule 2-645, a judgment creditor may obtain issuance of a writ of garnishment by filing—in the same action where the judgment was entered—a "request" that contains nothing more than "(1) the caption of the action, (2) the amount owed under the judgment,

---

[7] Judgment by confession was entered against the Resnicks on or about December 4, 2019.

#72791061_v1

(2) the name and last known address of each judgment debtor with respect to whom a writ is requested, and (4) the name and address of the garnishee."

47.     Upon the filing of the "request," "the clerk shall issue a writ of garnishment directed to the garnishee." Md. Rule 2-645(b).

48.     Rule 2-645 does not require that the judgment debtor be afforded notice or a hearing before the clerk issues a writ on the basis of the limited, unsworn information contained in the "request."

49.     Rule 2-645 also does not require that the judgment creditor post a bond as a requirement to obtaining a writ.

50.     After the writ is issued, it must be served on the garnishee and then "promptly after service upon the garnishee," a copy of the writ shall be mailed to the judgment debtor's last known address. Md. Rule 2-645(d).

51.     A judgment debtor may seek release of the garnished property in accordance with Rule 2-643, which allows for the release on certain grounds, including (a) upon satisfaction of judgment; (b) upon posting bond; and (c) upon a motion by the judgment debtor if the court finds that the underlying judgment has been vacated.[8] Md. Rule 2-643.

       ii.     Garnishment of the Resnicks' Bank Accounts

52.     On or about December 19, 2019, shortly after the Maryland court entered confessed judgment and before the Resnicks had filed their Motions to Vacate, KrunchCash filed a Request

---

[8] A party may seek a hearing on the motion to vacate, which the Rule provides "shall be held promptly." Md. Rule 2-643(f).

for Writs of Garnishment in Aid of Enforcement (the "Request") pursuant to Rules 2-645 and 2-545.1[9] in six out of the seven confessed judgment cases.  *See, e.g.*, Exhibit E.[10]

53.     The Request was filed on the Baltimore County docket.  It was not served on the Resnicks.

54.     The Request does not identify that the "judgment" is a judgment by confession, nor does it attach a copy of the judgment by confession—neither of which is required by Rule 2-645.

55.     The Request simply states:

On December 4, 2019, this Court entered judgment in favor of KrunchCash, LLC and against [the Resnicks.]

*Id.* at 1. (alteration added).

56.     KrunchCash then directs:

[T]hat the Clerk of Court for the Circuit Court for Baltimore County process Writs of Garnishment of property other than wages under Md. Rule 2-645 and 2-645.1."

*See id.* (alteration added).

57.     In accordance with Rule 2-645, the Baltimore County Clerk of Court issued the writs on or about December 26, 2019.  *See, e.g.*, Exhibit F.[11]

58.     The Hackman Parties served the Writs on the Resnicks' banks via private process.

---

[9] Maryland Rule 2-645.1 applies specifically to the garnishment in a financial institution; the process set forth in the general Rule 2-645 nevertheless applies.

[10] The Request contained in this Exhibit is a representative example of the many Requests KrunchCash filed in six out of the seven confessed judgment cases. The Request for Writ of Garnishment included herewith was issued to Truist Financial Corporation against judgment-debtor Jonathan S. Resnick in Case No. 19-004422 in Baltimore County.

[11] The Writ contained in this Exhibit is a representative example of the many Writs of Garnishment KrunchCash obtained in six out of the seven confessed judgment cases. The Writ included herewith was issued on Truist Financial Corporation against judgment-debtor Jonathan S. Resnick in Case No. 19-004422 in Baltimore County.

59.     Several of Jonathan, Diane, and Perry Resnick's personal bank accounts were frozen on or about December 27, 2019.

60.     The bank accounts for the Resnick Law Firms were also frozen.  Several of those bank accounts contain client trust accounts, and thus the monies in those trust accounts belong to the law firms' *clients*, not to the law firm itself.  The accounts containing client trust accounts were eventually unfrozen upon the request of the Resnicks' counsel.

61.     Nevertheless, the Resnicks' personal and other business accounts remain frozen as of the date of this filing. The accounts have been frozen for over a month, since on or about December 27, 2019.

62.     The Resnicks filed Motions to Vacate the writs of garnishment on January 2, 2020. KrunchCash filed their opposition to these Motions on January 17, 2020. The Motions are still pending resolution in the Baltimore court.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I. VIOLATION OF PROCEDURAL DUE PROCESS

63.     Plaintiffs incorporate by reference paragraphs 1 through 62 *supra*.

64.     Defendants used Maryland's garnishment procedure, as set forth in Maryland Rule 2-645 and 2-645.1, to satisfy judgments obtained by confession under Maryland Rule 2-611— without notice or hearing—in violation of the due process clause of the Fourteenth Amendment.

65.     Defendants acted under the "color of state law" by invoking Maryland's garnishment procedure and directing a state official—the Clerk of Court for the Circuit Court for Baltimore County—to issue writs of garnishment over the Resnicks' property, which the Clerk of Court did.

#72791061_v1

66.     Defendants' conduct under the "color of state law" proximately caused Plaintiffs to be deprived of clearly established federally protected rights under the Fourteenth Amendment.

67.     Specifically, Plaintiffs did not receive notice, a hearing, or any other opportunity to be heard (on any defense, including the validity of any alleged waiver of their right to notice and hearing), either before the confessed judgments were entered or before the issuance of the writs of garnishment and the subsequent withholding of their property.[12]

68.     Plaintiffs' deprivation of clearly established federally protected rights was the reasonably foreseeable consequence of Defendants' conduct and caused Plaintiffs to suffer damages, including the loss of use of its bank accounts and the funds in those accounts.

69.     Plaintiffs seek damages, including compensatory and punitive damages, legal fees and costs, pursuant to 42 U.S.C. § 1983 and for violation of rights to procedural due process when Plaintiffs were intentionally and with malice provided no pre-deprivation notice or hearing.

## COUNT II. DECLARATORY JUDGMENT

70.     Plaintiffs incorporate by reference paragraphs 1 through 62 *supra*.

71.     Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201(a) because an actual controversy exists between Plaintiffs and Defendants concerning Plaintiffs' due process rights under federal law and the Fourteenth Amendment.

72.     Additionally, the issues raised as to whether Maryland's procedural mechanism satisfies Plaintiffs due process rights are sufficiently definite and concrete as to allow a conclusive judgment.

---

[12] *See Connecticut v. Doehr*, 501 U.S. 1 (1994) (generally requiring notice and a hearing prior to attachment of property to secure potential judgment).

73.     Declaratory relief is necessary because Plaintiffs will suffer hardship if judicial consideration is withheld.  Plaintiffs' bank accounts have been improperly frozen since December 27, 2019 and the continued deprivation of their property presents many difficulties for Plaintiffs in their day-to-day life and their business operations.

74.     Plaintiffs therefore seek declarations regarding the following: Defendants' invocation and/or use of the Maryland garnishment procedure set forth in Rules 2-645 and 2-645.1 to satisfy a judgment obtained by confession pursuant to Rule 2-611 violates the due process clause of the Fourteenth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

1.  For damages, including compensatory and punitive damages, legal fees and costs, pursuant to 42 U.S.C. § 1983 and for violation of rights to procedural due process when state officials provided no pre-deprivation notice or hearing, as specified in Count I;

2.  For the declaration specified in Count II herein; and

3.  For an order enjoining Defendants from taking any further action to execute and/or satisfy the confessed judgments under Maryland Rules 2-645 and 2-645.1 and ordering Defendants to withdraw the writs of garnishment that have been served on Plaintiffs' banking institutions.

4.  For such further and additional relief as the Court deems appropriate under the circumstances, including attorneys' fees, as may be proper.

**JURY TRIAL DEMANDED**

#72791061_v1

Dated: February 4, 2020

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

By: *s/Jesus E. Cuza*
Florida Bar No. 428991
Email: jesus.cuza@hklaw.com
Monica Vila Castro
Florida Bar. No. 22976
Email: monica.castro@hklaw.com
Annelise Del Rivero
Florida Bar No. 1003234
Email: annelise.delrivero@hklaw.com

And

HOLLAND & KNIGHT LLP
515 E. Las Olas Blvd, Suite 1200
Fort Lauderdale, Florida 33301

Joshua R. Levenson
Florida Bar No. 56208
Email: joshua.levenson@hklaw.com

*Attorneys for Plaintiffs*