# EXHIBIT A

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

THE LAW OFFICES OF
JONATHAN S. RESNICK, LLC,
and THE LAW OFFICES OF
PERRY A. RESNICK, LLC,

       Plaintiffs,

vs.

KRUNCHCASH, LLC,
and JEFFERY HACKMAN,

       Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, The Law Offices of Jonathan S. Resnick, LLC and The Law Offices of Perry A. Resnick, LLC (collectively the "Resnick Firms") sue Defendants, Krunchcash, LLC ("Krunchcash") and Jeffery Hackman ("Hackman") (collectively, the "Hackman Parties"), and state:

**I.    NATURE OF ACTION**

1. Through misrepresentation and deceit, the Hackman Parties have illegally misappropriated 1,000+ of the Resnick Firms' client files and locked the Resnick Firms out of their own email and computer systems. The Hackman Parties are demanding the Resnick Firms pay monies that are not owed to get back their own client files and systems, *which include clients' personal medical information and attorney-client/work product privileged documents*. The Hackman Parties' extortion illegally exposes the clients' sensitive and privileged information and interferes and impedes the Resnick Firms' ability to represent their clients.

#68999333_v1

Therefore, the Resnick Firms seek (1) the return of its client files and systems; (2) protection from improper retention or disclosure of the files and further access to the Resnick Firms' systems; and (3) damages for the illegal conduct.

## II. PARTIES, JURISDICTION AND VENUE

2. The Law Offices of Jonathan S. Resnick, LLC operates in Maryland and the District of Columbia. The Law Offices of Perry A. Resnick, LLC operates only in Maryland.

3. Krunchcash is a Florida limited liability company with its principal place of business in Boca Raton, Florida.

4. Hackman is an individual residing in Boca Raton, Florida.

5. The Resnick Firms bring this action for injunctive relief to protect files, systems, clients and goodwill that are valued in excess of $15,000 and for damages in excess of $15,000, exclusive of interest, costs, and attorneys' fees.

6. This Court has jurisdiction over the parties and the subject matter of this complaint, including both specific and general jurisdiction over the Hackman Parties.

7. Venue is proper in Palm Beach County pursuant to Fla. Stat. § 47.011.

8. All conditions precedent to bring this action, if any, have been performed, excused, or otherwise waived.

## III. GENERAL ALLEGATIONS

### A. The Resnick Firms Background and Excellent Reputation

9. The Resnick Firms (operated by a father and son, Jonathan Resnick and Perry Resnick, respectively) are two boutique personal injury law firms, with a focus on automobile accident victims. The Resnick Firms pride themselves on client service and securing favorable results for their clients. They obtain many of their clients from referrals and their superior

reputation built over many years. Many of their clients are repeat clients. The Resnick Firms' ability to successfully do business rely heavily on happy clients, excellent reviews and positive word-of-mouth.

10.     The Resnick Firms have more than a thousand client matters. Most of the clients are accident victims with serious injuries and require compensation for medical expenses, treatment, time away from work, and/or inability to work, among other pressing issues.

11.     To service their clients, the Resnick Firms maintain confidential client files. These include (1) <u>client retention information</u>; (2) <u>correspondences,</u> including communications between the Resnick Firms and the client, medical care providers, and insurance carriers; (3) <u>HIPAA information</u>, including confidential medical records; and (4) <u>Personal Injury Protection (PIP) forms</u> (collectively "Client Records"). Significantly, the information in the Client Records (which is mostly confidential) is divulged to the Resnick Firms under the protection of the attorney-client privilege and pursuant to limited medical authorizations.

12.     Although the Resnick Firms provide high-quality legal services, they are not experienced with financial matters or technologically savvy. Thus, from time to time, the Resnick Firms rely on third party vendors or contractors to assist with these matters.

B.  **The Hackman Parties' Involvement and Scheme to Take Control**

13.     Krunchcash purports to be a third-party litigation financier, providing cash advances both to law firms and plaintiffs.

14.     Hackman controls and operates Krunchcash. Hackman is not a lawyer.

15.     Hackman presented himself as a financial expert that could assist the Resnick Firms on favorable terms.

16. Hackman also represented himself as technologically experienced and that he had significant resources to assist the Resnick Firms with technology, websites, and computer systems and programs.

17. With his alleged superior knowledge of financial and technological matters, Hackman assumed a position of trust and confidence with regard to those matters for the Resnick Firms.

18. The Resnick Firms relied on Hackman's advice and counsel and considered Hackman a fiduciary and trusted advisor.

19. As a result of Hackman's representations, the Resnick Firms entered into various agreements with the Hackman Parties.

20. Hackman also recommended an IT consultant to assist the Resnick Firms with their computer systems, programs, software, website, electronic file storage and management systems, and email accounts (collectively "the Systems"). The Client Records are maintained on the Systems, and the Resnick Firms have been using the Systems to hold and file the Client Records.

21. Hackman represented that the IT consultant would be working for the Resnick Firms, as the IT consultant had to in light of the sensitive, privileged and confidential information contained in the Client Records. Relying on Hackman's representations and fiduciary relationship with the Resnick Firms, the firms utilized Hackman's recommended IT consultant.

22. However, the IT consultant surreptitiously placed Hackman in control of all of the Systems.

23. Under the guise of helping to maintain and upgrade the Resnick Firms' Systems, the IT consultant systematically changed the passwords to the Systems and designated Hackman as

the administrator for all the Systems. Without permission, Hackman, or his agent, had the power to disable the Resnick Firms' access to the Systems and to the Client Records, effectively shutting down the Resnick Firms and converting (a) confidential medical information about the Clients and (b) information protected by attorney-client privilege.

C. **The Hackman Parties Demand Payment and Take Control**

24. With the knowledge that they effectively controlled the Resnick Firms (a fact that had been unknown to the Resnick Firms), the Hackman Parties began demanding payments to which they were not entitled.

25. Around this time, the Resnick Firms brought in a new financial advisor, who uncovered that the Hackman Parties had been improperly taking monies that they were not entitled to for years.

26. The Resnick Firms refused to pay monies to the Hackman Parties that they did not owe and began to raise some concerns to the Hackman Parties, demanding the Hackman Parties to provide the Resnick Firms an accounting of the Hackman Parties' handling of the Resnick Firms' funds.

27. In response, the Hackman Parties locked the Resnick Firms out of the Systems and converted and denied them access to the Client Records on the Systems. The Hackman Parties also took down the Resnick Firms' website and shut down their emails.

28. Having effectively taken control of the Resnick Firms' own Systems and Client Records, Hackman began to extort the Resnick Firms.

29. Despite the Hackman Parties' ultimatum, the Resnick Firms do not owe the Hackman Parties any money and the Hackman Parties have yet to produce any document or statement of account suggesting otherwise.

30. However, even if the Resnick Firms owed the Hackman Parties some monies, which is denied, the Hackman Parties cannot, as a matter of law, take control of sensitive client medical and attorney-client protected information, including the Client Records, or interfere with the Resnick Firms' ability to properly represent clients.

31. Because of the Defendants' unauthorized control of the Systems and online Client Records, the Resnick Firms are currently unable to properly represent their clients and meet a number of obligations they have with their Clients.

D. **No Authorization for Hackman Parties to Seize or Retain Client Records**

32. As stated above, the Client Records include confidential medical information and information protected by the attorney-client/work product privileges.

33. The Hackman Parties were never given authorization to seize control of the Client Records.

34. The Hackman Parties are required to return all Client Records and destroy all copies made. The Hackman Parties cannot keep or control confidential medical information about the clients or their communications with the Resnick Firms.

35. As these Client Records are maintained electronically, the Hackman Parties must immediately relinquish control over both the online Client Records and the Systems used to maintain the files.

E. **Irreparable Harm to Resnick Firms and Their Clients**

36. Failure to take the protective measures required by law for the Client Records would irreparably harm the clients and the Resnick Firms. Such failure results in both the unauthorized exposure of confidential medical records and information protected by attorney-client privilege, and may result in further unauthorized disclosure, dissemination, or use of the

Client Records.  This impinges on the clients' privacy rights in their health information and their right to effective representation by counsel.  It also exposes them to financial harm or identification theft based on the insecurity of social security numbers and other identification information.

37. The Resnick Firms would also suffer irreparable harm from the Hackman Parties' continued seizure of the Resnick Firm's Clients Records and its own Systems, because (a) the personal trust placed with the Resnick Firms by their clients could be shattered if this matter is not addressed and resolved immediately; and (b) the Resnick Firms' reputation and credibility could be severely damaged if the Hackman Parties' unlawful actions are not brought to an end immediately.

38. As stated above, the Hackman Parties are using their unauthorized seizure to extort money from the Resnick Firms.

39. The Resnick Firms have a legitimate business interest in protecting its Client Records, including the protection of each of the following: (a) confidential medical information and confidential attorney-client privileged information; (b) the relationships and goodwill with their clients; (c) their reputation; and (d) their obligations to their clients.

40. Public policy requires protection of both personal health & identification information and information protected by attorney-client privilege.

41. As a result of the Hackman Parties' conduct, the Resnick Firms have or will sustain damages including, but not limited to, lost profits, loss of clients, the impairment of future earning capacity, and the cost of repairing the damage committed by the Hackman Parties.

42. The Resnick Firms have retained the services of the undersigned attorneys to represent their interests in this cause and have agreed to pay a reasonable fee for their services.

## COUNT I - CONVERSION

43. The Resnick Firms adopt and incorporate paragraphs 1 through 42 as if fully set forth here.

44. The Resnick Firms own the Client Records and Systems.

45. The Resnick Firms' clients have entrusted the Resnick Firms with control over sensitive Client Records. The Resnick Firms' clients have authorized the Resnick Firms to confidentially maintain this information.

46. Without authorization, the Hackman Parties have seized control of the Resnick Firms' property, including the Client Records and Systems.

47. Despite requests by the Resnick Firms that the Hackman Parties relinquish control of the Client Records and the Systems, the Hackman Parties have refused to give up control.

48. The Hackman Parties have acted intentionally, seeking to prevent the Resnick Firms from accessing the Client Records and Systems.

49. The Hackman Parties' seizure of control amounts to conversion and as a result the Resnick Firms have suffered damages.

**WHEREFORE**, the Resnick Firms respectfully request this Court to enter judgment against the Hackman Parties for damages, interest, costs and such other and further relief as this Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE

50. The Resnick Firms adopt and incorporate paragraphs 1 through 42 as if fully set forth here.

51. The Resnick Firms have business relationships with their clients, which are governed by both contractual terms and ethical obligations.

52. The Hackman Parties had knowledge of the Resnick Firms' business relationships.

53. The Hackman Parties have intentionally and unjustifiability interfered with these business relationships by, among other things, seizing control of the Client Records and Systems, and making it more difficult for the Resnick Firms to properly service their clients.

54. The Hackman Parties are aware of the damages that they are causing the Resnick Firms and, nevertheless, continue to obstruct the Resnick Firms' access to the Client Records and Systems.

55. As a result of the seizure, the Resnick Firms' business relationships are harmed, resulting in damages to the Resnick Firm.

56. The Hackman Parties' seizure of control amounts to tortious interference.

**WHEREFORE**, the Resnick Firm respectfully requests this Court enter judgment against the Hackman Parties for damages, costs, interest, and such other and further relief as this Court deems just and proper.

## COUNT III – TEMPORARY AND PERMANENT INJUNCTION

57. The Resnick Firms adopt and incorporate paragraphs 1 through 42 as if fully set forth here.

58. By reason of the Hackman Parties' unlawful seizure of control of the Client Records and Systems, the Resnick Firms have and will continue to suffer irreparable harm for which there is no adequate remedy at law.

59. The harm that would continue to beset the Resnick Firms if the Court denies injunctive relief greatly outweighs any potential harm to the Hackman Parties if injunctive relief is entered.

60. The Resnick Firms have a clear legal right to prevent the Hackman Parties from continuing their improper and unlawful activities.

61. The Resnick Firm have a substantial likelihood of success on the merits and the entry of an injunction will not be contrary to the public health, safety and welfare; to the contrary, public policy supports the relief sought herein: the protection of confidential health information and information protected by attorney-client privilege.

62. Unless the Hackman Parties are restrained and enjoined from continuing to control the Client Records and Systems, the Resnick Firms and their clients will continue to be irreparably harmed.

**WHEREFORE**, the Resnick Firm seeks an injunction (1) enjoining the Hackman Parties, and anyone acting in concert or participating with the Hackman Parties, from (a) seizing the Client Records; (b) using, providing or otherwise disclosing to anyone, the Clients Records and the information contained therein; and (c) accessing or controlling the Systems, including, but not limited to emails, dropbox, document maintenance programs, and other software; (2) requiring the Hackman Parties, and anyone acting in concert or participating with the Hackman Parties, to (a) return to the Resnick Firms the Client Records, including all copies, whether electronic or hard copies; and (b) provide the Resnick Firms with sufficient information and assistance to enable the Resnick Firms to fully identify all disclosures, copies, disseminations or use of client records, whether hard copies or electronic data; to (3) do such other and further actions this Court deems just and proper.

## COUNT IV – TRESPASS

63. The Resnick Firms adopt and incorporate paragraphs 1 through 42 as if fully set forth here.

64. At all relevant times, the Resnick Firms were, and still are, the owners of their Systems, and all information and programs within the Systems.

65. Without authorization, the Hackman Parties, and their agents, seized control of the Systems and have continuously denied the Resnick Firms access to the same.

66. During this unauthorized seizure, the Hackman Parties have changed administrative passwords and taken control over sensitive Client Records.

67. The Hackman Parties' acts amount to trespass damaging the Resnick Firms.

**WHEREFORE**, the Resnick Firms respectfully requests this Court enter judgment against the Hackman Parties for damages, interest, and such other and further relief as this Court deems just and proper.

## COUNT V – BREACH OF FIDUCIARY DUTY

68. The Resnick Firms adopt and incorporate paragraphs 1 through 42 as if fully set forth here.

69. The Resnick Firms held the Hackman Parties in a position of trust and confidence. With this position of trust and confidence, the Hackman Parties took on a fiduciary role to the Resnick Firms with corresponding duties.

70. Using their fiduciary role, Hackman gained access to the Resnick Firms' Client Records and Systems. The Hackman Parties then misappropriated the Client Records and Systems and are now holding them hostage in an effort to extort the Resnick Firms.

71. As a result, the Hackman Parties have breached their fiduciary duties to the Resnick Firms, causing damages.

WHEREFORE, the Resnick Firms respectfully requests this Court enter judgment against the Hackman Parties for damages, interest, and such other and further relief as this Court deems just and proper.

### COUNT VI – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C, §1030(a)(4), (a)(5)(B)(i), and (g) et seq.)

72. The Resnick Firms adopt and incorporate paragraphs 1 through 42 as if fully set forth here.

73. The Resnick Firms' computers and technological system are "protected computers" within the meaning of 18 U.S.C. §1030(e) because they are computers used in interstate or foreign commerce or communication.

74. The Hackman Parties, either on their own or through their agents, knowingly, intentionally, and with the intent to directly or indirectly damage and defraud the Resnick Firms, accessed the Resnick Firms' computers and technological system. The accessing of the Resnick Firms' computers and technological system was without authorization, or exceeded the Hackman Parties' authorized access, in an effort to interfere with and disrupt the Resnick Firms' business and delete, destroy, disrupt, download, print, or email files containing the Resnick Firms' confidential and proprietary information and trade secrets, along with sensitive Client Records.

75. The Hackman Parties knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caused damage without authorization to protected computers and, in addition, intentionally accessed protected computers without authorization.

76. As a consequence, the Resnick Firms have sustained monetary damages exceeding $5,000.00, including, but not limited to, damages in the nature of loss of goodwill; the impairment of future earning capacity; the cost of repairing the damage committed by the

Hackman Parties; the cost of conducting a damage assessment; the cost of attempting to restore data and the technological system to a workable condition as existed before the Hackman Parties' unlawful actions.

77. Further, the Resnick Firms have suffered and will continue to suffer immediate and irreparable harm, for which the Resnick Firm has no adequate remedy at law.

78. The Resnick Firms are entitled to immediate injunctive relief against the Hackman Parties pursuant to 18 U.S.C. 1030(g).

**WHEREFORE**, the Resnick Firms seek: (i) to enjoin the Hackman Parties, and anyone acting in concert or participating with the Hackman Parties, from any further unauthorized access to the Resnick Firms' Systems; (ii) to enjoin the Hackman Parties, and anyone acting in concert or participating with the Hackman Parties, from reprogramming and sabotaging the Resnick Firms' Systems, or otherwise interfering with or disrupting the business activities of the Resnick Firms; (iii) to enjoin the Hackman Parties, and anyone acting in concert or participating with the Hackman Parties, from using, providing or otherwise disclosing to anyone, the confidential, proprietary and trade secret information of the Resnick Firms, (including without limitation, any information that would enable another person to gain unauthorized access into the Systems or the Client Records); (iv) an Order requiring the Hackman Parties, and all others acting in concert or participating with the Hackman Parties, to return all confidential, proprietary and trade secret information of the Resnick Firms, as well as all confidential, personal, and proprietary contained in the Client Records; (v) an Order requiring the Hackman Parties, and all others acting in concert or participating with the Hackman Parties, to provide the Resnick Firms with sufficient information and assistance to enable the Resnick Firms to fully identify and repair all damage or

corruption to its technological system caused by the Hackman Parties; (vi) an award of damages and interest; and (vii) such other relief as the Court deems appropriate, including attorney's fees.

## DEMAND FOR JURY TRIAL

The Resnick Firms demand trial by jury on all issues and causes of action so triable as a matter of law.

## RESERVATION OF RIGHTS

The Resnick Firms reserve the right to amend this pleading once its investigation into the Hackman Parties' wrongdoing and violations of applicable law has been completed and reserves the right to seek leave to assert punitive damages as well as for all other applicable damages.

Dated: July 8, 2019

Respectfully submitted,

HOLLAND & KNIGHT LLP
Counsel for Plaintiffs, The Resnick Firms
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Tel: (561) 833-2000
Fax: (561) 650-8399


By: */s/ Matthew Zimmerman*
    */s/ Jeffrey M. Schacknow*
	Matthew Zimmerman
	Florida Bar No.: 011484
	matthew.zimmerman@hklaw.com
	Jeffrey M. Schacknow
	Florida Bar No.: 1004628
	jeffrey.schacknow@hklaw.com

	AND

        HOLLAND & KNIGHT LLP
Counsel for Plaintiffs, The Resnick Firms
701 Brickell Avenue, Suite 3300
Miami, FL 3313
Tel: (305) 374-8500
Fax: (305) 789-7799


By: */s/ Jesus E. Cuza*
   */s/  Monica Vila Castro*
      Jesus E. Cuza
      Florida Bar No. 428991
      jesus.cuza@hklaw.com
      Monica Vila Castro
      Florida Bar No. 22976
      monica.castro@hklaw.com