# EXHIBIT B

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 502019CA008776XXXXMB AB

THE LAW OFFICES OF
JONATHAN S. RESNICK, LLC,
and THE LAW OFFICES OF
PERRY A. RESNICK, LLC,

        Plaintiffs,

vs.

KRUNCHCASH, LLC,
and JEFFERY HACKMAN,

        Defendants.

_____/

## ORDER ON VERIFIED MOTION FOR *EX PARTE* TEMPORARY INJUNCTION

THIS CAUSE having come before the Court on Plaintiffs' The Law Offices of Jonathan S. Resnick, LLC and The Law Offices of Perry A. Resnick, LLC (collectively, the "Resnick Firms") Verified Motion For *Ex Parte* Temporary Injunction ("Motion"), and the Court having reviewed the verified Motion, and being otherwise duly advised in the premises, it is hereby,

**ORDERED AND ADJUDGED** that

1. The Resnick Firms are law firms practicing in Maryland and the District of Columbia, and have established attorney-client relationships with more than 1,000 current and active clients. The Resnick Firms maintain client files, which contain information protected by the attorney-client privilege and confidential client medical information ("Client Records"). To service their clients and maintain the Client Records, the Resnick Firms operate a technological system that includes computers, programs, software, websites, electronic file storage and maintenance systems, and email accounts (collectively "the Systems").

*Resnick, et al. v. Krunchcash LLC, et al.*
ORDER ON VERIFIED MOTION FOR
EX PARTE TEMPORARY INJUNCTION
CASE NO. 502019CA008776XXXXMB AB

2.   The Resnick Firms have established that Defendants Krunchcash, LLC ("Krunchcash") and Jeffery Hackman ("Hackman") (collectively, the "Hackman Parties") unlawfully seized control of the Client Records and the Systems and are preventing the Resnick Firms from accessing them.   The Hackman Parties have no legitimate basis or right to access and control the Client Records and Systems and to prevent the Resnick Firms from accessing the Client Records and Systems.   The Hackman Parties are not lawyers or law firms and do not have an attorney-client relationship or any other type of relationship with the Resnick Firms' clients.

3.   The Hackman Parties currently control the Client Records and Systems in violation of the rights of the Resnick Firms' clients and state and federal rules concerning the protection of attorney-client privilege, medical, and/or personal information.[1]   The Hackman Parties have denied the Resnick Firms access to the Client Records and the Systems, which is harming the Resnick Firms' ability to fully service their clients.

4.   Based on the foregoing, and the verified facts in the Motion, the Resnick Firms have established a substantial likelihood of success on the merits that (1) the Client Records must be returned; (2) their access to the Systems must be restored; (3) the Hackman Parties may not access or control the Client Records; and (4) the Hackman Parties may not access or control the Systems.

---

[1] *See* Fla. Stat. § 90.502 (2) ("A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); District of Columbia Rule of Professional Conduct 1.6 (discussing that communications made from a client to counsel must be held in confidence absent consent by the client); Maryland Lawyer's Rule of Professional Conduct 1.6 (same); *see also* the Health Insurance Portability and Accountability Act of 1996, HIPAA 29 U.S.C. §1181; the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), Section 13001, Title XIII, of American Recovery and Reinvestment Act of 2009, Public Law 111-5; Article I, § 23, Fla. Const. (right of privacy); Fla. Stat. § 456.057 (patient records are not to be disclosed except upon written authorization of the patient or upon other specific grounds, such as compulsory examination records).

*Resnick, et al. v. Krunchcash LLC, et al.*
ORDER ON VERIFIED MOTION FOR
EX PARTE TEMPORARY INJUNCTION
CASE NO. 502019CA008776XXXXMB AB

5.   The Resnick Firms have established that the Resnick Firms and their clients are being irreparably harmed, and their privileged and confidential information exposed, by the Hackman Parties' unauthorized seizure of the Client Records and Systems, and the Resnick Firms have no adequate remedy at law given their inability to fully service their clients and the resultant irreparable reputational and goodwill harm.

6.   There is a strong public interest in enforcing the confidential nature of the information seized by the Hackman Parties, because this information was entrusted under the protection of attorney-client privilege and the privacy accorded to personal health information.  By contrast, the Hackman Parties have no interest or right to seize and control the Client Records and Systems, and the injunctive relief issued here will not cause the Hackman Parties any harm.

7.   As a result, based on the preliminary findings of fact and conclusions of law above, the Resnick Firms have sufficiently established:  (a) that they have a substantial likelihood of success on the merits; (b) that they will suffer irreparable harm; (c) that there is no adequate remedy at law; (d) a clear legal right to the relief requested; (e) that potential injury to the Resnick Firms without the relief requested outweighs any potential injury to the Hackman Parties; and (f) that a temporary injunction will not disserve the public interest.

8.   Because the Resnick Firms have established a legitimate fear that the Hackman Parties will copy, destroy, or disseminate the privileged and confidential information retained in the Client Records if given the opportunity to do so, and thus have demonstrated the substantial likelihood of irreparable harm, this Order is issued on an *ex parte* basis.

9.   Accordingly, the Hackman Parties are ordered to immediately return the Client Records and Systems to the Resnick Firms, and stop any further access or disclosure, as set forth below:

*Resnick, et al. v. Krunchcash LLC, et al.*
ORDER ON VERIFIED MOTION FOR
EX PARTE TEMPORARY INJUNCTION
CASE NO. 502019CA008776XXXXMB AB

**THE COURT HEREBY ENJOINS AND RESTRAINS AND ORDERS THE HACKMAN PARTIES, KRUNCHCASH, LLC**, and **JEFFERY HACKMAN** and any and all others acting in concert or participating with them to: (a) desist and refrain from using, disclosing, possessing, disseminating, accessing, or controlling, directly or indirectly, all Client Records and the Resnick Firms' Systems; (b) immediately return the Client Records (including all copies) to the Resnick Firms and immediately restore the Resnick Firms' access to their Systems; and (c) provide a sworn statement in writing confirming that all Client Records and Systems were returned and that no copies, duplicates, control or access was retained.

**THE COURT HEREBY ORDERS** that a $5,000 bond is sufficient in this case. This Injunction shall take effect immediately upon the bond being posted. If a party moves to dissolve or modify this order, such motion shall be heard within 5 days after the movant applies for a hearing on the motion.

If the Hackman Parties do not comply with this Order, the Resnick Firms will advise this Court and the Sheriff's Office. Upon receiving a declaration under penalty of perjury by a representative of the Resnick Firms that the Hackman Parties have not complied with this Order after having received the same, the Sheriff's Office is directed to ensure compliance.

**DONE AND ORDERED** on this __10__ day of July, 2019 at __12:25__ a.m./p.m. in Chambers, West Palm Beach, Palm Beach County, Florida.

_Janis Brustares Keyser_
HONORABLE JANIS BRUSTARES KEYSER
CIRCUIT COURT JUDGE

4

*Resnick, et al. v. Krunchcash LLC, et al.*
ORDER ON VERIFIED MOTION FOR
EX PARTE TEMPORARY INJUNCTION
CASE NO. 502019CA008776XXXXMB AB

Copies furnished to:

Matthew Z. Zimmerman, Esq.
Jeffrey M. Schacknow, Esq.
HOLLAND & KNIGHT LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL  33401
matthew.zimmerman@hklaw.com
jeffrey.schacknow@hklaw.com

Jesus E. Cusa, Esq.
Monica Vila Castro, Esq.
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
jesus.cusa@hklaw.com
monica.castro@hklaw.com

Krunchcash, LLC
c/o Sean I. Mcghie, P.L.C.
3480 Pine Haven Circle
Boca Raton, FL 33431

Jeffery Hackman
200 East Palmetto Park Rd
# 700
Boca Raton, FL 33432