UNITED STATES DISTRICT COURT
SOITHERN DISTRICT OF FLORIDA

JONATHAN S. RESNICK; DIANE             CASE NO.  20-80163-CV-DIMITROULEAS
N. RESNICK; et al.,

      Plaintiffs,

vs.

KRUNCHCASH, LLC and
JEFFREY HACKMAN,

      Defendant.

_____/

## **O R D E R**

THIS CAUSE is before the Court on Defendant's April 8, 2020 Motion to Dismiss [DE-7].  The Court has considered Plaintiff's May 4, 2020 Response, Defendant's May 11, 2020 Reply [DE-16], and the Court file, and finds as follows:

On November 29, 2019, Krunchcash filed six lawsuits in Baltimore County Circuit Court, seeking writs of garnishment of Plaintiffs' bank accounts based upon confessed judgments[1]; the six lawsuits were: 03-CV-19-4422, 03-CV-19-4423, 03-CV-19-4425, 03-CV-19-4427, 03-CV-19-4428 and 03-CV-19-4429.  A later lawsuit was also filed in 03-CV-19-4594.  Assets were frozen, but not seized.  The confessed judgments were entered on December 3 and 4, 2019.  However, pursuant to the Maryland rule, upon the showing of some cause, the judgments were later vacated on March 2, 2020.  The case was re-opened, and a receiver was appointed on March 2, 2020, as to some Maryland Defendants, but later denied as to American Wellness and Health Centers.  On March 4, 2020 two of the Maryland Defendants filed for

---

[1] Funding Agreements had been signed on June 1, 2016, March 26, 2018, September 10, 2018, May 11, 2018, September 10, 2018, September 18, 2018 and April 15, 2019.

bankruptcy in Maryland.  On October 12, 2020, American Wellness filed a counterclaim [DE-77-4].  As a result, the almost identical case is still being litigated in Maryland state and bankruptcy courts, as is here.

2.  Meanwhile on February 4, 2020, Plaintiffs, here, filed a complaint against Krunchcash LLC and Jeffrey Hackman [DE-1] alleging causes of action based upon § 1983, §2201, and various state law violations [DE-1].  An amended complaint was filed on February 28, 2020 and served on March 10, 2020.

3.  Here, Defendants move to dismiss on numerous grounds, but the Court normally only needs to decide whether this case should proceed parallel to the Maryland, earlier filed actions.  As Defendants point out in their response, Plaintiffs did not seek abstention in the motion to dismiss, although they have now filed such a motion [DE-77].

4.  In the Eleventh Circuit, the party objecting to jurisdiction in the first filed forum must carry the burden of proving compelling circumstances to warrant an exception to the first filed rule.  *Manuel v. Convergys Corp.,* 430 F. 3d 1132, 1135 (11th Cir. 201).  Apparently, Maryland Defendants were not able to convince the Maryland court to dismiss that action [DE-77-2].  Here, there is substantial overlap between the Maryland cases and this case.  However, the first filed rule does not apply when the duplicative litigation arises between state and federal courts.  *Ambrosia Coal and Construction Co. v. Pages Morales*, 368 F. 3d 1320, 1328 (11th Cir. 2004).  Abstention is appropriate where a parallel lawsuit is pending in state court, and judicial-administration reasons demand abstention.  Here, there is a parallel lawsuit involving substantially the same parties and issues.  *Id* at 1330.  Since, the proceedings are, in fact, parallel, the court considers: 1) the order in which the courts assumed jurisdiction, 2) the relative inconvenience of the fora, 3) the order in which jurisdiction was obtained and the relative

progress of the two actions, 4) the desire to avoid piecemeal litigation, 5) whether federal law

provides the rule of decision, and 6) whether the state court will adequately protect the rights of

all parties. *Jackson v. Platts v. Gen. Elec. Capital Corp.*, 727 F. 3d 1127, 1140 (11th Cir. 2013).

Here, the court would need to determine whether exceptional circumstances weigh in

favor of abstention.  First, the Maryland Court assumed jurisdiction before this court.  Second,

Plaintiffs and Defendants are both located in both locations, so the fora are equally convenient.

Third, the Maryland actions are farther along than this action.[2]  Fourth, there is the potential of

piecemeal and contradictory litigation.  Fifth, federal law would determine the § 1983 and §

2201 counts, but it appears that the Maryland courts are just as well suited to determine the

constitutionality of their procedures.  Indeed, recently § 611 has been upheld as constitutional on

its face. *See, Goshen River Homeowners Assoc., Inc. v. Cisneros,* 467 Md. 74, 223 A. 3d 917,

934-936 (2020).  Finally, it appears that the Maryland courts will adequately protest the interests

of the parties.  Receivers and Trustees have been appointed.  Nevertheless, rather than await a

response on the abstention issue, the Court will rule on the motion to dismiss.

Here, the court questions its subject matter jurisdiction over the due process claims where

state action was questionable at best.  Assets were temporarily frozen, not seized.  The confessed

judgements were later vacated.  Preliminary injunctions happen all the time in state and federal

courts on an *ex parte* basis, without due process being violated.

Merely mentioning a federal constitutional provision is insufficient to establish federal

question jurisdiction. *Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F. 3d 1347, 1352 (11th

Cir. 1998).  A federal court may dismiss a federal question claim for lack of subject matter

jurisdiction if (1) the claim "clearly appears to be immaterial and made solely for the purpose of

---

[2] The Court regrets that had the court ruled earlier on this motion, much work by the parties and Magistrate Judge Matthewman could have been avoided.

obtaining jurisdiction," or (2) the claim "is wholly insubstantial and frivolous." *Blue Cross &*

*Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir.1998) (quoting *Bell v. Hood*, 327

U.S 678, 682-83 (1946)).  "Under the latter Bell exception, subject matter jurisdiction is lacking

only "if the claim 'has no plausible foundation, or if the court concludes that a prior Supreme

Court decision clearly forecloses the claim." *Blue Cross & Blue Shield of Alabama v. Sanders*,

138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotations omitted). Here, the due process claim

has no plausible foundation, and it is foreclosed by a prior United States Supreme Court

decision: *D.H. Overmeyer v. Frick Co.,* 405 U.S. 174 (1972). Plaintiffs' First Amended

Complaint does not allege that the agreements were entered into involuntarily or without

Plaintiffs knowing the legal consequences of the confessed judgment provision.  Without counts

One and Two, the court would decline supplemental jurisdiction over the other state court causes

of action.  Although a close call, this court is uncomfortable finding that just a naked allegation

that a state rule violates due process should be sufficient to move what should be state issues to a

federal court, almost a thousand miles away.

Wherefore, Defendant's Motion to Dismiss [DE-7] is Granted.

The Clerk shall close this case and deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

3rd day of November, 2020.


WILLIAM P. DIMITROULEAS
United States District Judge

4

5

Copies furnished to:

Counsel of Record